IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEUTSCHE BANK NATIONAL TRUST )
COMPANY as Trustee for the )
Registered Holder of Soundview Home Loan )
Trust 2006-NLC1 Asset-Backed Certificates, )
Series 2006-NLC1, )
                                                                               )
                    Plaintiff, )
                                                                               )
vs. )   CIVIL NO. 10-331-GPM
                                                                                 )
THOMAS A. KING and PAULA KING, )
                                                                               )
                    Defendants. )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

       The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). Plaintiff Deutsche Bank National Trust Company ("Deutsche Bank"), brings this action to foreclose a mortgage held on real property located in Madison County, Illinois; the owners of the property and mortgagors are Defendants Thomas A. King and Paula King. Deutsche Bank alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

In general, of course, the exercise of federal subject matter jurisdiction on the basis of diversity of citizenship requires that there be complete diversity of citizenship among the parties to an action, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy.  *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006).  Deutsche Bank, as the proponent of federal subject matter jurisdiction in this case, bears the burden of proof as to the existence of such jurisdiction.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 251 (7th Cir. 1981); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009).

Turning then to an examination of the allegations of federal diversity jurisdiction in Deutsche Bank's complaint, the Court finds that Deutsche Bank has properly alleged that Thomas King and Paula King are citizens of Illinois and that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.  *See* Doc. 2 at 1 ¶ 2, ¶ 4.  However, Deutsche Bank has not properly alleged its own citizenship for diversity purposes.  In its complaint Deutsche Bank alleges that it "is a corporation incorporated under the laws of [the] United States of America, and having its principal place of business in the State of New York."  *Id*. at 1 ¶ 3.  In fact it appears that Deutsche Bank is a national banking association.  For diversity purposes, the citizenship of a national banking association is determined by reference to both the national banking association's principal place of business and "the state listed in its organization certificate."  *Firstar Bank, N.A. v. Faul*, 253

F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348).  *See also Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 932 (S.D. Ill. 2006).  Thus, Deutsche Bank must amend its complaint to allege not only the state where it maintains its principal place of business, New York, but also the state listed in Deutsche Bank's organization certificate.

To conclude, Deutsche Bank is hereby **ORDERED** to file an amended complaint to correct the defect in Deutsche Bank's pleading of federal subject matter jurisdiction identified in this Order on or before Friday, May 21, 2010.  Failure to file an amended complaint as herein ordered will result in the dismissal of this case for lack of federal subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[1]

**IT IS SO ORDERED.**

DATED:  May 7, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1.  As a final matter, the Court notes that the jurisdictional allegations of Deutsche Bank's amended complaint should not be made "on information and belief."  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).