**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for THE REGISTERED HOLDER OF SOUNDVIEW HOME LOAN TRUST 2006-NLC1 ASSET-BACKED CERTIFICATES, SERIES 2006-NLC1, | ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL NO. 10-331-GPM |
| vs. | ) ) | |
| THOMAS A. KING and PAULA KING, | ) ) | |
| Defendants. | ) | |

## JUDGMENT DECREE AND ORDER

**MURPHY, District Judge:**

On April 30, 2010, Plaintiff Deutsche Bank National Trust Company commenced the above-captioned mortgage foreclosure suit against Thomas A. King and Paula King (Doc. 2).[1] At Defendants' failure to defend, and upon Plaintiff's motion, the Clerk of Court entered a default entry on February 9, 2011 (Doc. 35). Plaintiff now moves for judgment for foreclosure and sale (Doc. 37). The motion is GRANTED pursuant to Federal Rule of Civil Procedure 55(b) and IT IS ORDERED AND ADJUDGED:

1.     This Court has jurisdiction of the parties to and subject matter of this suit. Defendants were properly served and failed to answer or otherwise enter any appearance.

---

[1] Upon order of the Court, Plaintiff filed an amended complaint on May 21, 2010 to properly allege jurisdiction.

2. Equifirst Corporation made a loan to Defendants secured by a mortgage in the total

principal amount of $162,000.00 which was recorded in the Madison County Recorder's Office on

June 2, 2006 as Document No. 2006R27917 (Doc. 2-3). The mortgage was assigned to Plaintiff on

April 1, 2010 (Doc. 2-4). The mortgage is in default due to Defendants' failure to pay monthly

installments of principal and interest from September 2009 to the present.

3. By virtue of the mortgage and indebtedness secured thereby, Plaintiff has a valid and

subsisting lien as follows:

> Common address: 603 Hancock St., Edwardsville, IL 62025
>
> The South 90 feet of Lots 14 and 15 in Block 8 in Metcalfe Place Addition to Edwardsville, according to the Plat thereof recorded in the Recorder's Office of Madison County, Illinois in Plat Book 6, page 1.
>
> Excepting coal, gas, and other mineral rights conveyed, excepted or reserved in prior conveyances.
>
> Parcel Number 14-2-15-12-17-302-004

4. By virtue of the mortgage and the indebtedness secured thereby, as alleged in the

amended complaint and averred in Plaintiff's Affidavit of Debt, the following amounts are due to

Plaintiff:

> a. For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid:
>
> Outstanding Principal Balance . . . . . . . . . . . . . . $158,445.75
>
> Escrow/IMP Advance Balance. . . . . . . . . . . . . . $ 4,224.38
>
> Late Charges. . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 136.74
>
> Accrued Interest as of November 17, 2010 . . . . $ 19,487.65
>
> Property Inspections, Property Valuation Fee, Title Report Fee, Prior Servicer Fees,

|  | Certified Mail Cost. . . . . . . . . . . . . . . . . . . . . . | $ | 769.42 |
|---|---|---|---|
|  | Reasonable Attorneys' Fees . . . . . . . . . . . . . . . . | $ | 2,126.00 |
|  | **Total Amount Due Plaintiff . . . . . . . . . . . . . . .** | **$185,189.94** | |

b.    In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

c.    All such advances, costs, and other fees, expenses and disbursements are made a lien upon the mortgaged property and the Plaintiff is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no such rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

d.    In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged property.

f.    In order to protect and preserve the mortgaged property, it may also become necessary for Plaintiff to make such repairs to the property as may reasonably be deemed necessary for the proper preservation thereof.

g.    Any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

5.    Plaintiff's lien, by virtue of the mortgage and the indebtedness secured thereby, is prior and superior to all other mortgages, claims of interest, and liens upon the above-described property that have been named herein, or any claims that are subject to a recorded notice of foreclosure.

Accordingly, JUDGMENT IS ENTERED against Defendants Thomas A. King and Paula

King for $185,189.94. Unless Defendants, their assigns, or successors in interest to the above-described property pay to Plaintiff Deutsche Bank National Trust Company within three days from the date of this judgment decree the sum of $185,189.94 with lawful interest to be computed thereon from this date until paid, the property described in paragraph three of this judgment decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 24 hours. The property shall be sold free and clear of any claimed lien of Thomas A. King or Paula King.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph three of this judgment decree to be sold, by publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation. Plaintiff or any party to this case may become the purchaser or purchasers at such sale. Upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of purchase, which certificate shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential property. The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagee who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price

plus all additional costs and expenses incurred by the mortgagee set forth in the Report of Sale and confirmed by this Court.

No affidavit or other evidence has been advanced that this property is abandoned. Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end three months after entry of this judgment of foreclosure pursuant to 735 ILCS § 5/15-1603(b)(1).

Out of the proceeds of such sale, the United States Marshal shall retain his disbursements and fees. Out of the remainder of said proceeds, he shall pay to Plaintiff $185,189.94, together with lawful interest to be computed thereon to the date of this judgment decree and any court costs of this action. The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale to this Court. If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this judgment decree through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described property. After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the property upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall

identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such conveyance shall be an entire bar of (1) all claims of parties to the foreclosure and (2) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to Plaintiff with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court hereby **retains jurisdiction** over the subject matter and the parties hereto for the purpose of enforcing this judgment decree.  The United States Marshal shall report his actions to this Court at the earliest possible time.

**IT IS SO ORDERED.**

DATED: 3/3/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge